IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

GREGERICK LAMAR GAY,

    Plaintiff,

vs.

RICHARD HODGE, JUDGE

    Defendant.

CIVIL ACTION NO. CV505-022

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Valdosta State Prison in Valdosta, Georgia, has filed a cause of action pursuant to 42 U.S.C.A. § 1983. An inmate who wishes to proceed in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff named Richard Hodge, United States Magistrate Judge for the Middle District of Georgia, as the Defendant in this cause of action. Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983.[1] Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978)(holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986).

---

[1] Courts apply the same standards under § 1983 actions (violations of civil rights by state actors) and Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), actions (violations of civil rights by federal actors) to determine whether a plaintiff has established a cognizable constitutional claim. Winterland Concessions Co. v. Trela, 735 F.2d 257, 262 (7th Cir. 1984). Failure to apply the same standards against state and federal officials would create an imbalance in the availability of a remedy for the same conduct. Rodriguez-Mora v. Baker, 792 F.2d 1524 (11th Cir. 1986)(applying the same standards for deprivation of property interest under the Fifth and Fourteenth Amendments). Although Plaintiff has filed his Complaint pursuant to 42 U.S.C.A. § 1983, the Court recognizes that Judge Hodge is not a state actor. However, the allegations in Plaintiff's Complaint will be discussed using a section 1983 analysis.

AO 72A
(Rev. 8/82)

Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed.2d 411 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357, 98 S. Ct. at 1105). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff's Complaint is largely illegible, and the portions which are legible are unintelligible. However, it nonetheless appears that Judge Hodge is entitled to the protection of judicial immunity, and Plaintiff's Complaint should be dismissed. Even if the doctrine of judicial immunity were inapplicable to this case, Plaintiff's Complaint would still be subject to dismissal, as he is a "three striker"[2] within the meaning of 28 U.S.C.A. § 1915(g).

---

[2] 28 U.S.C.A. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes under § 1915(g): (1) Gay v.VSP Nurse, CV704-17 (M.D. Ga. November 16, 2004) (dismissed as being frivolous); (2) Gay v. Lee Arrendale Alto, CV701-55 (M.D. Ga. August 13, 2001) (dismissed for failing to state a claim); and (3) Gay v. FBI, CV703-97 (M.D. Ga. September 26, 2001) (dismissed as being frivolous).

3

AO 72A
(Rev. 8/82)

Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED** due to Plaintiff's failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of May, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)